## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EQUIPMENT ACQUISITION RESOURCES, INC. | ) | Case No.: 09 B 39937 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| EQUIPMENT ACQUISITION RESOURCES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. _____ |
| | ) | |
| UNITED STATES OF AMERICA, INTERNAL | ) | |
| REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## ADVERSARY COMPLAINT FOR AVOIDANCE
## AND RECOVERY OF FRAUDULENT TRANSFERS

Plaintiff, EQUIPMENT ACQUISITION RESOURCES, INC. (the "Debtor" or "EAR"),

by its attorneys, Arnstein & Lehr LLP, hereby files this Adversary Complaint for Avoidance and

Recovery of Fraudulent Transfers against the United States of America, Internal Revenue

Service (the "IRS"). In support of its Adversary Complaint, the Debtor states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

## I.      THE PARTIES

1.      On or about October 23, 2009, the Debtor filed a Voluntary Petition (the

"Petition") under Chapter 11 of the United States Bankruptcy Code with the United States

Bankruptcy Court for the Northern District of Illinois. The Debtor is an Illinois Corporation,

organized and existing under the laws of the state of Illinois, which formerly operated in several

buildings near its headquarters at 555 S. Vermont Street, Palatine, Illinois.

2.     The IRS is a federal governmental unit with its principal office located, on information and belief, at 500 North Capitol Street NW, Washington, DC 20226. The IRS also has a branch in Chicago, Illinois located at 230 S. Dearborn Street, Chicago, IL 60604.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334, and internal operating procedure 15(a) of the Federal District Court for the Northern District of Illinois because this action is related to the underlying bankruptcy case of Equipment Acquisition Resources, Inc. which is pending before this Court and is a civil proceeding arising under § 548 the United States Bankruptcy Code. This Court also has jurisdiction over this adversary proceeding pursuant to Section 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001(1).

4.     This is a core proceeding under 28 U.S.C. §157. If for any reason this court determines that all or any portion of this proceeding is non-core, the Debtor consents to the entry of a final order by this Court.

5.     The chapter 11 bankruptcy case is pending before this Court. Accordingly, venue of this adversary proceeding is proper in this Court under 28 U.S. C. § 1409(a).

## III.     BACKGROUND FACTS

6.     Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its financial affairs as a debtor in possession. No trustee, examiner or committee has been appointed in its chapter 11 case.

7.     Prior to commencement of its chapter 11 case, the Debtor purported to be a market maker in the semiconductor manufacturing equipment sales and servicing industry. The

Debtor also purported to perform processing services for companies in the semiconductor industry.

8. In the period from at least September, 2007 until October 8, 2009, the Debtor engaged in a massive fraud by which it sold equipment at inflated prices and leased the equipment back from various lenders. The Debtor misrepresented the value of the equipment, and pledged certain equipment multiple times to secure the financing. During this period of time, one or more of the officers, directors, and shareholders of the Debtor knew that the Debtor was engaged in the fraud, and knew that the Debtor was, in effect, not a real, functioning company. On information and belief, the Debtor paid substantial amounts of money to its board of directors and officers during this time.

9. On October 8, 2009, after it became apparent that the Debtor engaged in fraudulent activity, the members of the Debtor's board of directors and its officers, including Donna Malone ("Malone") and Mark Anstett ("Anstett"), resigned. The shareholders elected William A. Brandt, Jr. as the sole member of the board of directors and as the Chief Restructuring Officer (the "CRO"). The CRO filed the bankruptcy petition to manage the Debtor's assets for the benefit of all creditors.

10. The CRO's investigation has determined that on nine occasions from October 15, 2007 until December 3, 2008, the Debtor made transfers to the United States Treasury to pay taxes of individual owners and officers of the Debtor, including but not limited to Sheldon Player, Malone, and Anstett, along with Anstett's wife. The aggregate amount of the payments was $4,737,261.36. Exhibit A to this Complaint sets forth the $2,412,973.36 of payments made within the two year period prior to the bankruptcy filing. Exhibit B to the Complaint sets forth

3

one payment, in the amount of $2,324,288.00, made on October 15, 2007, just outside the two year period.

11.    The Debtor did not receive any value for making the payments contained on Exhibit A and Exhibit B.  Only Player, Malone, Anstett, and Anstett's wife received any benefit from the Debtor making those payments.

### COUNT I
### (Fraudulent Transfer – 11 U.S.C. §§ 548 and 550 )

1-11.   The Debtor restates and realleges Paragraphs One (1) through Eleven (11) of the Allegations Common to All Counts as Paragraphs One (1) through Eleven (11) of this Count I.

12.    The transfers identified on Exhibit A were made by the Debtor to the IRS through the U.S. Treasury within the two year period prior to the Debtor's bankruptcy filing.

13.    The Debtor received less than reasonably equivalent value for the transfers identified on Exhibit A.

14.    On the dates of the transfers listed on Exhibit A, the Debtor either was insolvent, or was engaged in a business for which any property remaining with the Debtor was unreasonably small capital, or intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

15.    The Debtor is entitled to avoid the transfers on Exhibit A pursuant to 11 U.S.C. § 548(a)(1)(B) and recover those transfers pursuant to 11 U.S.C. § 550.

WHEREFORE, Equipment Acquisition Resources, Inc., prays that this Court enter an order of judgment in the amount of $2,412,973.36 in favor of the Debtor and against Defendant on Count I of this Complaint.

## COUNT II
### (Fraudulent Transfer – 11 U.S.C. § 544 and 740 ILCS 160/5(a)(2))

1-15.   EAR re-alleges paragraph 1-15 of the Allegations Common to All Counts as paragraphs 1-15 of this Count II.

16.   The transfers on Exhibits A and B were made by the Debtor to the IRS through the U.S. Treasury within a four year period prior to the Debtor's bankruptcy filing.

17.   The Debtor did not receive reasonably equivalent value in exchange for the transfers identified on Exhibits A and B.

18.   The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.  In the alternative, the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due.

19.   Pursuant to 11 U.S.C. § 544(b), the Debtor may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of Chapter 11 of the United States Code or that is not allowable only under section 502(e) of Chapter 11 of the United States Code.

20.   The Debtor may avoid the transfers identified on Exhibits A and B pursuant to 11 U.S.C. § 544(b) and the Illinois Fraudulent Transfer Act, 740 ILCS 160/5(a)(2).

WHEREFORE, Equipment Acquisition Resources, Inc., prays that this Court enter an order of judgment in the amount of $4,737,261.36 in favor of the Debtor and against Defendant on Count II of this Complaint.

Respectfully submitted,

Equipment Acquisition Resources, Inc.


By:   /s/ George P. Apostolides
                One of its Attorneys

Barry A. Chatz (#06196639)
George P. Apostolides (#06228768)
Robert A. McKenzie (#06293346)
Arnstein & Lehr LLP
120 S. Riverside Plaza
Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Fax: (312) 876-0288