# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EQUIPMENT ACQUISITION RESOURCES, INC. | ) ) | Case No. 09-39937 |
| | ) | Hon. John H. Squires |
| Debtor. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 28, 2010, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable John H. Squires in Courtroom 680 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present the attached **Motion of Bank of Jackson Hole for Relief from the Automatic Stay**. You may appear at that time and place if you so desire.

Dated: January 25, 2010

Respectfully submitted,

Bank of Jackson Hole

By: _____/s/ /Catherine L. Steege_____
One of its attorneys

Catherine Steege (06183529)
Landon S. Raiford (6297473)
Jenner & Block LLP
353 N. Clark. St.
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484

# **CERTIFICATE OF SERVICE**

I, Catherine L. Steege, an attorney, hereby certify that on January 25, 2010, I caused a true and correct copy of **Motion of Bank of Jackson Hole for Relief from the Automatic Stay** and the related **Notice of Motion** to be served upon the parties on the attached **Service List**, via ECF and/or facsimile.



*/s/ Catherine L. Steege*
Catherine L. Steege

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EQUIPMENT ACQUISITION | ) | Case No. 09-39937 |
| RESOURCES, INC. | ) | |
| | ) | Hon. John H. Squires |
| Debtor. | ) | |

**MOTION OF BANK OF JACKSON HOLE**
**FOR RELIEF FROM THE AUTOMATIC STAY**

Bank of Jackson Hole (the "Bank") respectfully requests, pursuant to 11 U.S.C. § 362(d), that the Court enter an order modifying the automatic stay in order to allow the Bank to foreclose upon its secured claim in certain real property, and states:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334(b). This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (G) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 362(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(a).

**BACKGROUND**

3. On March 27, 2009, the Bank entered into a Promissory Note with the Equipment Acquisition Resources, Inc. (the "Debtor") pursuant to which the Bank loaned the Debtor $2,450,000.00. A true and correct copy of the Promissory Note is attached hereto as Exhibit A.

4. The amounts due under the Promissory Note are secured by a first real estate mortgage (the "Mortgage") on the land and building located on the real property commonly known as 50 Sagebrush Dr., Jackson Hole, Wyoming, 83001 (P.I.N. No. 22-42-16-27-3-02-006)

(the "Property"). The Property is a single-family luxury residence. A true and correct copy of the Mortgage is attached hereto as Exhibit B.

5.  Pursuant to the Promissory Note, the Debtor was required to begin making monthly payments on the loan on April 27, 2009.

6.  On October 23, 2009, the Debtor filed its chapter 11 petition.

7.  The Debtor has been in default under the Promissory Note since October 27, 2009 when the Debtor failed to make its required monthly payment. The last payment that the Bank received occurred on October 13, 2009.

8.  As of January 12, 2010, there is due and owing under the Promissory Note the following amounts, in addition to legal fees and other costs of collection:

    Unpaid Principal:    $2,431,478.93

    Interest:    $40,005.24[1]

    Total Due:    $2,471,484.17

9.  In addition to the Bank's secured claim, the Debtor's schedules also list TD Bank North as a secured creditor with a second mortgage against the Property in the amount of $8,125,542.09.

10. The most recent appraisal of the Property conducted on March 16, 2009 values the Property at $3,500,000.00.

11. According to the filings in the Debtor's bankruptcy case, the Debtor is in the business of marketing and engineering semiconductor manufacturing equipment. It is not in the business of owning luxury properties.

---

[1] Per diem interest accrues at the rate of $405.25

4

**RELIEF REQUESTED**

12.     By this Motion, the Bank requests entry of an Order, substantially in the form of the attached proposed order, modifying the automatic stay to allow the Bank to pursue its state law remedies as to the Property and to apply any amounts collected to reduce its claim.

**BASIS FOR RELIEF**

13.     Section 362(d) provides that upon the request of a party, and after notice and a hearing, the court shall grant relief from the automatic stay:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property . . . if —
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d)(1), (2).

14.     The Bank is entitled to stay relief under Section 362(d)(2) because the Debtor does not have any equity in the Property and the property is not necessary to an effective reorganization. The value of all liens against the Property (at least $10,597,026.26) far exceeds the value of the Property based upon the most recent appraisal. *See In re White*, 409 B.R. 491, 495 (Bankr. N.D. Ind. 2009) (equity for purposes of Section 362(d)(2) is the value of the property less all encumbrances against it). Thus, the Debtor has no equity in the Property and cannot benefit by selling or continuing to hold the Property.

15.     In addition, the Property is not necessary for an effective reorganization. the Debtor must show that the Property "is essential for an effective reorganization *that is in prospect*." *United Sav. Assoc. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375 (1988) (emphasis in original). The Debtor has not filed a Plan; the Debtor is not in the luxury home

5

business and appears to have no need for the Property in the conduct of its business. Accordingly, the Property is not necessary for an effective reorganization of the Debtor.

16.	The Bank also is entitled to relief under Section 362(a)(1) for cause. The Bank has not received adequate protection payments from the Debtor. No one resides in the Property. The Debtor is not maintaining the Property. The Bank has been required to pay for all utilities to avoid having the pipes freeze and to plow the Property and other maintain it this winter. In addition, the market to sell the Property is relatively short and will expire for the year shortly. Accordingly cause exists to modify the automatic stay.

17.	Cause also exists to nullify the automatic stay of any order entered granting this motion that would otherwise exist under Fed. R. Bankr. P. 4001(a)(3). The Bank is informed and believes that the best means of maximizing value for the Property would be to offer the Property for sale as soon as possible and while the ski season is still on going. Accordingly, cause exists to nullify the automatic stay.

WHEREFORE, for the foregoing reasons, the Bank respectfully requests that the Court enter an Order (a) lifting the automatic stay to allow the Bank to pursue its state law remedies as to the Property, (b) nullifying the automatic stay imposed by Fed. R. Bankr. 4001(a)(3), and (c) granting such other relief as may be just or appropriate.

Respectfully submitted,

**BANK OF JACKSON HOLE**

By: */s/ Catherine L. Steege*
One of its attorneys

Dated: January 25, 2010

Catherine Steege (06183529)
Landon S. Raiford (6297473)
Jenner & Block LLP
353 N. Clark. St.
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484